1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10    JESSE THOMAS FULLER,

Petitioner,

v.

JASON BENNETT,

Respondent.

11
12
13
14

CASE NO. 2:24-cv-00483-JCC-GJL

REPORT AND RECOMMENDATION

Noting Date: **June 13, 2024**

15      The District Court has referred this federal habeas action to United States Magistrate

16  Judge Grady J. Leupold. Petitioner Jesse Thomas Fuller, proceeding *pro se*, filed a Motion to

17  Proceed *In Forma Pauperis* ("IFP") (Dkt. 3) and a Proposed Petition (Dkt. 3-2).

18      Upon review, the undersigned finds the Proposed Petition is untimely under 28 U.S.C. §

19  2244(d)(1) and no equitable tolling principles apply. Therefore, the undersigned declines to order

20  service upon Respondent and, instead, recommends the time-barred Proposed Petition be

21  **DISMISSED with prejudice** under Rule 4 of the Rules Governing § 2254 cases ("Habeas

22  Rules"). It is further recommended Petitioner's IFP Motion be **DENIED** as moot.

23  //

24

1

## I.    BACKGROUND

2    The Court previously summarized the background in this action as follows:

3    Petitioner is currently incarcerated at Stafford Creek Corrections Center,
where he is serving a sentence of confinement arising out of a state-court conviction

4    for first degree rape of a child. *See* Dkt. 3-2; *State of Washington v. Jesse Thomas
Fuller*, No. 74173-8 (Wash. Ct. App. 2016), *opinion available at*

5    *https://www.courts.wa.gov/opinions/* (last accessed April 18, 2024); *see also State
v. Fuller*, 197 Wash. App. 1022, 2016 WL 7470074 (2016).[1]

6

7    Although Petitioner indicates he did not file a direct appeal of his state-court
conviction (Dkt. 3-2 at 2), a review of public records shows that he did. *See State

8    of Washington v. Jesse Thomas Fuller*, Case No. 74173-8 (Wash. Ct. App. 2016),
*opinion available at https://www.courts.wa.gov/opinions/* (last accessed April 18,

9    2024); *see also State v. Fuller*, 197 Wash. App. 1022, 2016 WL 7470074 (Wash.
Ct. App. 2016). After his conviction was affirmed on direct appeal, Petitioner filed

10   a petition for discretionary review by the Washington State Supreme Court, which
was denied on May 3, 2017. *State v. Fuller*, 188 Wash. 2d 1006, 393 P.3d 347

11   (2017). In accord with Rule 12.5 of Washington State Rules of Appellate
Procedure, the State Appeals Court issued its mandate 30 days later on June 2, 2017,

12   marking the entry of judgment for Petitioner's state-court conviction.

13   A review of the publicly available docket for the United States Supreme
Court reflects Petitioner did not petition the United States Supreme Court for a writ

14   of certiorari regarding his state-court conviction or sentence after the entry of
judgment. *See* United States Supreme Court Docket, *available at*

15   *https://www.supremecourt.gov/docket/*.

16   On April 10, 2024, Petitioner filed the instant action seeking federal habeas
relief on his state-court conviction and sentence. *See* Dkt. 1.

17   Dkt. 4 at 2–3 (footnote in original).

18   ## II.    STANDARD OF REVIEW

19   Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review

20   of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before

21

22

23   ---
[1] The Court may take judicial notice of court filings and other matters of public record related to Petitioner's

24   conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–
Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

### III.    DISCUSSION

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Here, Petitioner indicates he is filing a § 2241 petition and uses a standard form for such petitions. Dkt. 3-2. However, he is currently confined pursuant to a state-court judgment of conviction. *See State of Washington v. Fuller,* Superior Court of King County Cause No: 14–1–04234–1. Therefore, 28 U.S.C. § 2254 is the appropriate vehicle for challenging Petitioner's confinement, and his arguments to the contrary are unavailing.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run on "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A).

1    Where, as here, a habeas petitioner previously sought direct review of his conviction, his

2    state-court judgment generally becomes "final" either when the United States Supreme Court

3    rules on a timely filed certiorari petition or upon the expiration of time for filing such a petition.

4    *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999); *see also Gonzalez v. Thaler*, 565

5    U.S. 134, 149 (2012). As explained in the Court's Show Cause Order, Petitioner did not petition

6    for certiorari in the United States Supreme Court, so his state-court judgment became final on

7    August 31, 2017—the date on which his time for petitioning for certiorari expired. Dkt. 4 at 3.

8    Thus, the one-year limitations period for the Proposed Petition began running the following day

9    and expired a year later on September 3, 2018. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46

10   (9th Cir. 2001) (AEDPA's time limits are calculated in accordance with Fed. R. Civ. P. 6(a)).

11   As noted in its previous Order, "Petitioner signed his Proposed Petition on April 10,

12   2024, over five years and seven months after the statute of limitations expired." Dkt. 4 at 4

13   (citing Dkt. 3-2 at 8). As such, he was ordered to show cause why his late filing should be

14   excused. *Id.* The time to show cause has now elapsed and Petitioner has not demonstrated the

15   existence of extraordinary circumstances that would excuse the untimely filing of his Proposed

16   Petition. *See Holland v. Florida*, 560 U.S. 631 (2010). Thus, Petitioner has not shown he is

17   entitled to equitable tolling and his Proposed Petition is barred by AEDPA's one-year limitations

18   period.

19   The Court finds it is not necessary to hold an evidentiary hearing in this case because this

20   action may be resolved on the face of the Proposed Petition and upon review of public records

21   subject to judicial notice. *Schriro v. Landrigan*, 550 U.S. 465 (2007). No reasonable jurist could

22   disagree with the Court's evaluation of the timeliness of the Proposed Petition or conclude that

23   the issues presented in the Proposed Petition should proceed further. *See* 28 U.S.C. § 2253(c);

24

1    *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Therefore, the Court finds that Petitioner is not

2    entitled to a certificate of appealability.

3                              **IV.    CONCLUSION**

4            For the reasons outlined above, Petitioner is not entitled habeas relief as his Proposed

5    Petition is untimely and no equitable tolling principles apply. Thus, in accordance with Rule 4 of

6    the Habeas Rules, the undersigned declines to direct service upon Respondent and, instead,

7    recommends the Proposed Petition be **DISMISSED with prejudice**. It is further recommended

8    that Petitioner's IFP Motion (Dkt. 3) be **DENIED** as moot, that no evidentiary hearing is

9    required, and that no certificate of appealability shall issue.

10           Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

11   shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.

12   R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

13   *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

14   those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

15   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

16   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 13,**

17   **2024**, as noted in the caption.

18           Dated this 29th day of May, 2024.

19

20

21                                          Grady J. Leupold
                                            United States Magistrate Judge
22

23

24

REPORT AND RECOMMENDATION - 5